*Oulare v. Lynch*

BIA
Laforest, IJ
A087 554 130

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of August, two thousand fifteen.

PRESENT:
ROBERT A. KATZMANN,
*Chief Judge,*
RICHARD C. WESLEY,
DENNY CHIN,
*Circuit Judges.*

_____

IYA DOUTY OULARE,
*Petitioner,*

v.                                          14-1376

                                            NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,[1]
*Respondent.*

_____

FOR PETITIONER:            Andy Wong, New York, NY.

---

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Loretta E. Lynch is automatically substituted for former Attorney General Eric H. Holder, Jr.

**FOR RESPONDENT:** Joyce R. Branda, Acting Assistant Attorney General, Kiley Kane, Senior Litigation Counsel, Lynda A. Do, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Iya Douty Oulare, a native and citizen of Guinea, seeks review of an April 11, 2014 decision of the BIA affirming an April 3, 2012 decision of an Immigration Judge ("IJ") denying Oulare's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Iya Douty Oulare,* No. A087 554 130 (B.I.A. Apr. 11, 2014), *aff'g* No. A087 554 130 (Immig. Ct. N.Y. City Apr. 2, 2012). We assume the parties' familiarity with the underlying facts, procedural history and issues presented for review.

Under the circumstances of this case, we have reviewed "the judgment of the IJ as modified by the BIA's decision-that is, minus the . . . argument[s] for denying relief that [were]

2

rejected by the BIA." *Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005).  The applicable standards of review are well established.  *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

For asylum applications like Oulare's, governed by the Real ID Act, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on an asylum applicant's "demeanor, candor, or responsiveness," the plausibility of his account, and inconsistencies in his statements, "without regard to whether" they go "to the heart of the applicant's claim," so long as they reasonably support an inference that the applicant is not credible.  8 U.S.C. § 1158(b)(1)(B)(iii); *see Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008).  This Court "defer[s] . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167.  Here, the agency reasonably based its adverse credibility finding on inconsistencies between Oulare's written asylum applications and his testimony before the IJ.

In his first asylum application, Oulare wrote that he first traveled to the United States in 1999, returned in 2003, and made his third (and final) trip on December 4, 2008.  In his second application, he wrote that he made only one trip to the United States, leaving Guinea on December 31, 2008 and arriving here in January 2009.  Oulare testified to a different set of dates: he first entered the United States in 1997, remained here for nine years, and returned to Guinea; entered the United States in 2007 and lived here for nearly a year; and finally entered a third time in January 2009.  The IJ gave Oulare an opportunity to explain these discrepancies.  Oulare responded that, contrary to the written statement accompanying his first asylum application, he did not come to the United States in 2003 and was in Guinea in December 2008.  He blamed the erroneous December date on the person who wrote the application.  He also explained that he lost his passport when he was arrested in the United States in 1997 and consequently could not recall the dates of his travel.  The agency was not compelled to credit these explanations.  *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).  Oulare signed his two asylum applications, both of which conflicted with his hearing testimony.  And the

4

loss of a passport in 1997 cannot explain why he gave discrepant dates in 2009.

Further, Oulare testified that he first left for the United States in 1997. However, he submitted a letter from a member of his political party dated January 1995 warning that Oulare's life was "in great danger should he return to Guinea." Oulare argues that the letter does not preclude the possibility that in 1995, he had fled Guinea to a country other than the United States. But Oulare did not submit this explanation at his hearing, and "the arguments of counsel are not evidence." *Pretzantzin v. Holder*, 725 F.3d 161, 170 (2d Cir. 2013). Rather, Oulare testified that he was in Guinea in January 1995, that the letter was supposed to be dated 1997, that the author meant to write that Oulare "was arrested in 1995," and that he (Oulare) would not have submitted the letter if he knew it contained that mistake. Given that Oulare submitted the letter as evidence and Oulare swore that everything in his application was accurate, the agency was entitled to reject this explanation. *See Majidi*, 430 F.3d at 80-81.

The adverse credibility determination also finds support in Oulare's inability to explain why his application stated that

after his arrest in 2007, he was "jailed at the military camp," but he testified that he was detained in a gendarmerie, and that the military "did not take me to the camp." When confronted with this contradiction, Oulare explained that it was "a very big camp" that encompassed both the gendarmerie and the military camp. The IJ was not compelled to accept this explanation, which ran counter to Oulare's testimony distinguishing the two locations. *See Majidi*, 430 F.3d at 80-81.

The "totality of the circumstances" described above support the adverse credibility finding. 8 U.S.C. § 1158(b)(1)(B)(iii). We need not reach the agency's alternative basis for denying relief. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach."). And because Oulare's claims share the same factual predicate, the adverse credibility determination is also dispositive of his claims for withholding of removal and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal

that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7